999 F.2d 543
 21 Media L. Rep. 1827
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Joseph HICKEY, Plaintiff-Appellant,
v.
CAPITAL CITIES/ABC, INC., a New York corporation, and
American Broadcasting Companies, Inc., Defendants-Appellees.
 No. 92-35064.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1993.
Decided July 26, 1993.
 
 Before GOODWIN, FARRIS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In a private individual's defamation action involving statements of public concern, there is "a constitutional requirement that the plaintiff bear the burden of showing falsity, as well as fault, before recovering damages." Philadelphia Newspapers, Inc. v. Hepps, 475 U.S. 767, 776 (1986). Because the 20/20 report involved a matter of public concern, Hickey bears the burden, imposed by the First Amendment, of proving that the statements were false and that ABC did not adequately investigate them. See id. at 778; Unelko Corp. v. Rooney, 912 F.2d 1049, 1056 (9th Cir.1990). On summary judgment, the court must determine whether a reasonable jury could find that Hickey had met his burden of proving falsity and fault by a preponderance of the evidence. Unelko, 912 F.2d at 1057.
 
 
 3
 The affidavits of Gary Horton, Deputy Sheriff of Linn County, and Officer Amodei, coupled with Hickey's admission that he has received stolen animals, though not knowing that the animals were stolen, provided a sufficient basis to conclude that the 20/20 statements were substantially true. The Amodei and Horton affidavits provide evidence of the existence of a black market and of Hickey's participation in it. Further, 20/20 merely aired the charges of others who accused Hickey of certain misdeeds--it did not directly accuse. Hickey misperceives the extent of his burden as defined in Philadelphia Newspapers, 475 U.S. at 776. Even if Hickey could prove that he did not knowingly participate in the black market, he would fail to establish that the 20/20 statements were false or that 20/20 failed to investigate them adequately.
 
 
 4
 We understand Hickey's argument that the broadcast permitted inferences that exceeded the explicit allegations. We reject his argument. Hickey has failed to produce evidence that such inferences, even if possible, are false. Hickey's evidence--the opinions of certain police officers and his own deposition--does not provide a rational basis to find the statements false, it only creates ambiguity. "[T]his fails to meet the constitutional standard." Unelko, 912 F.2d at 1057.
 
 
 5
 As for ABC's use of the words "low," "repulsive," and "rotten," those words were obvious statements of opinion which can provide no basis for libel under either the Oregon common law or the federal Constitution. King v. Menolascino, 555 P.2d at 443 (Or.1976); Milkovich v. Lorain Journal Co., 110 S.Ct. 2695, 2706 (1990).
 
 
 6
 The district court understood and properly applied controlling authority. To defeat the use of constitutionally protected speech, Hickey must produce evidence that the statements were false. He failed to carry that burden.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3